[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks an order of this court directing the defendant to proceed with arbitration under the uninsured motorist provisions of the policy of insurance issued to him by the defendant. A previous arbitration hearing was held which the defendant claims resulted in a valid award and the plaintiff's claim was of no legal effect because of non compliance with the provisions of Sec. 52-416, General Statutes. The parties have stipulated to the following factual situation.
The defendant had issued the insurance policy in question to the plaintiff and it contained uninsured motorist coverage and an arbitration clause if a dispute arose as to legal responsibility for damages.
On September 15, 1988, while the policy was in effect, the plaintiff was involved in an automobile accident with an uninsured motorist and allegedly suffered personal injuries. He made a claim against the defendant under the uninsured motorist provisions of his policy and the parties went to arbitration on the question as to whether the defendant was legally responsible for any damage suffered by the plaintiff and, if so, how much.
The arbitration panel was composed of Paul A. Morello, Jr. who acted as chairperson, James O'Connor Shea, and Stephen G. Friedler. An arbitration hearing was held on September 13, 1989 and continued to November 8, 1989 when it was closed.
On November 8, 1989 a finding and award was written and signed by Mr. Morello. Exhibit C. He then mailed the document to Mr. Shea, who, upon receipt, also signed it on November 10, 1989 CT Page 4940 and mailed it to Mr. Friedler on November 15, 1989.
Mr. Friedler did not sign the award, did not receive the award and did not distribute the award.
On November 12, 1989, Mr. Morello mailed Exhibit A to the plaintiff's attorney and it was received by him on November 14, 1989. Exhibit A is Mr. Morello's bill for services which also contained a postscript which will be referred to subsequently.
The present application was filed by the plaintiff on March 13, 1990.
Exhibit B was sent to the defendant by plaintiff's attorney on January 9, 1990.
Neither party received a copy of the award (Exhibit C) until April 23, 1990 at a hearing in Court.
The plaintiff claims that under Section 52-416 the award referred to above was of "no legal effect" because the panel did not issue an award in writing within thirty days from the date that the hearing closed, November 8, 1989. The defendant claims full compliance with Sec. 52-416.
The provisions of Sec. 52-416 with regard to the time of rendering the award are mandatory. Marsala v. Valve Corporation of America, 157 Conn. 362, 369. It provides that the arbitrators" shall render the award within thirty days from the date the hearing or hearings are completed." (emphasis added). It is obvious that an award is not effective until notice of it is given to the parties. Carroll v. Roxbury Historic District Commission,29 Conn. Sup. 77, 78. Section 416 further provides that "the award shall be in writing and signed by the arbitrators or a majority of them." The award in the instant matter was in writing and signed by a majority of the arbitrators (Exhibit C). But, a copy of the award was not received by the parties until April 23, 1990 — some five months after its rendition.
The defendant points out, however, that section 416 only requires that the award be rendered, reduced to writing, and signed by a majority of the panel within thirty days. The defendant claims that there is no requirement that a copy of the award be sent to the parties within thirty days. Section 416 does require that written notice of the award shall be sent to each party.
The defendant claims that the arbitrators did notify the plaintiff and it points to Exhibit A. Exhibit A is a bill addressed to the plaintiff's attorney from the chairperson of the CT Page 4941 panel. It is for a substantial sum and then indicates that the charge is forgiven. In addition, it contains a postscript addressed to the plaintiff's attorney as follows: "I do not want to be paid on this file since we were unable to render an award on behalf of your client." At the end is typed "Paul".
As previously indicated the award was signed by Mr. Morello on November 8, 1989. It is stipulated that the award on November 10, 1989 was signed by a second arbitrator, Mr. Shea. The arbitrators have followed statutory dictates with regard to the time schedule as to the rendering of the award.
With regard to the notice provision of the statute, there is no deadline stated. Beyond mandating that a notice be sent, Section 416 becomes directory. Certainly the plaintiff had, at the very least, became knowledgeable of the failure of his claim on November 14, 1989. It would appear that he displayed his knowledge about the matter when he wrote Exhibit B on January 9, 1990.
Thus, it appears to this court, and this court so finds, that, having in mind that the formalities of the courtroom are absent in the world of arbitration, the plaintiff was notified as required by statute within a reasonable period of time, of the award.
Having thus reached the conclusion that an arbitration has been previously held and an award rendered in that matter which is in all respects valid, the plaintiff's application in the instant matter is denied.
HAROLD M. MULVEY STATE TRIAL REFEREE